JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV-16-1643-MWF (AJWx) |
| Plaintiff, | STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND CIVIL PENALTY JUDGMENT |
| v. |  |
| KFJ MARKETING, LLC, et al. |  |
| Defendants. |  |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Civil Penalties, Permanent Injunction, and Other Relief, subsequently amended as Amended Complaint for Civil Penalties, Permanent Injunction, and other Relief, ("Complaint") pursuant to Sections 5(a), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a), and 57b, and Section 6 of the

1

Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105. Defendants filed their Answer to the Complaint, in which Defendants denied the charges in the Complaint. Plaintiff and Defendants stipulate to the entry of this Stipulated Final Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## **FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants engaged in acts or practices in violation of the FTC's Telemarketing Sales Rule (the "TSR" or "Rule"), as amended, 16 C.F.R. Part 310.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorneys' fees. Defendants waive and release any claims that they may have against Plaintiff, the Commission, and their agents that relate to this action.

5. Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## **DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A. "**Caller Identification Service**" means a service that allows a telephone subscriber to have the telephone number, and, where available, name of the calling party transmitted contemporaneously with the telephone call, and displayed on a device in or connected to the subscriber's telephone.

B. "**Corporate Defendants**" means KFJ Marketing, LLC; Sunlight Solar Leads, LLC; and Go Green Education, also doing business as Go Green Leads and myleadgroup.

C. "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

D. "**Entity-Specific Do Not Call List**" means a list of telephone numbers maintained by a Seller or Telemarketer of persons who have previously stated that they do not wish to receive Outbound Telephone Calls made by or on behalf of the Seller or Telemarketer.

E. "**Established Business Relationship**" means a relationship between a Seller and a person based on: (a) the person's purchase, rental, or lease of the Seller's goods or services or a financial transaction between the Seller and person, within the eighteen months immediately preceding the date of the Telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the Seller, within the three months immediately preceding the date of a Telemarketing call.

F. "**Individual Defendants**" means Francisco J. Salvat and Julio E. Salvat.

G. "**Lead Generator**" means any person that provides, in exchange for consideration, consumer information to a Seller or Telemarketer for use in the marketing of any goods or services.

H. "**National Do Not Call Registry**" means the "do-not-call" registry of telephone numbers maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

I. "**Outbound Telephone Call**" means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

J. "**Person**" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

K. "**Seller**" means any person who, in connection with a Telemarketing

transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration, whether or not such person is under the jurisdiction of the Commission.

L. "**Telemarketer**" means any person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor, whether or not such person is under the jurisdiction of the Commission.

M. "**Telemarketing**" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

# **ORDER**

## **I. Permanent Bans on Telemarketing, Robocalls, and Calling Telephone Numbers Listed on the National Do Not Call Registry**

IT IS ORDERED that Corporate Defendants and Individual Defendant Francisco J. Salvat, whether acting directly or through an intermediary, are permanently restrained and enjoined from:

A. Engaging in, or assisting others to engage in, Telemarketing, which includes, without limitation, providing others with access to automated dialing systems, providing others with Caller ID numbers, and providing others with data lists containing consumer information;

B. Initiating, causing others to initiate, or assisting others in initiating any telephone call that plays or delivers a prerecorded message;

C. Initiating, causing others to initiate, or assisting others in initiating any telephone call to any telephone number listed on the National Do Not Call Registry; and

D. Holding any ownership interest, share, or stock in any business that engages in any of the acts and practices listed in paragraphs A–C of this Section.

4

## II. Permanent Ban on Calling Telephone Numbers Listed on the National Do Not Call Registry

IT IS FURTHER ORDERED that Individual Defendant Julio E. Salvat, whether acting directly or through an intermediary, is permanently restrained and enjoined from initiating, causing others to initiate, or assisting others in initiating any Outbound Telephone Call to any telephone number listed on the National Do Not Call Registry more than 31 days after the date on which such number is added to the National Do Not Call Registry.

## III. Permanent Ban on Selling Lists of Data Containing Telephone Numbers Listed on the National Do Not Call Registry

IT IS FURTHER ORDERED that Individual Defendant Julio E. Salvat, whether acting directly or through an intermediary, is permanently restrained and enjoined from selling or assisting others in selling any data lists or other lists or compilations of information that contain telephone numbers listed on the National Do Not Call Registry more than 31 days after the date on which such numbers are added to the National Do Not Call Registry.

## IV. Permanent Ban on Robocalls

IT IS FURTHER ORDERED that Individual Defendant Julio E. Salvat, whether acting directly or through an intermediary, is permanently restrained and enjoined from initiating, causing others to initiate, or assisting others in initiating any Outbound Telephone Call that plays or delivers a prerecorded message, unless Individual Defendant Julio E. Salvat proves that:

A. The Outbound Telephone Call is placed to a business telephone number; and

B. The Outbound Telephone Call is to induce the purchase of goods (other than nondurable office or cleaning supplies) or services by the business or to solicit a

charitable contribution by the business.

It shall not be a violation of this Order for Individual Defendant Julio E. Salvat to transmit a prerecorded message for compliance with 16 C.F.R. § 310.4(b)(4)(iii).

## V. Permanent Ban on Deceptive Caller ID Practices

IT IS FURTHER ORDERED that Individual Defendant Julio E. Salvat, whether acting directly or through an intermediary, is permanently restrained and enjoined from initiating, causing others to initiate, or assisting others in initiating any Outbound Telephone Call that:

A. Fails to transmit or cause to be transmitted the telephone number, and, when made available by the Telemarketer's carrier, the name of the Telemarketer, to any Caller Identification Service in use by a recipient of a Telemarketing call; provided that it shall not be a violation of this provision to substitute (for the name and phone number used in, or billed for, making the call) the name of the Seller on behalf of which a Telemarketing call is placed, and the Seller's customer service telephone number;

B. Displays a telephone number other than a number owned, rented, licensed or subscribed to by Individual Defendant Julio E. Salvat, the Seller, or the Seller's Telemarketer;

C. Displays a telephone number that cannot receive inbound calls;

D. Displays a telephone number that is not equipped to process requests from consumers asking to be added to an Entity Specific Do Not Call List; or

E. Displays a number that is not equipped to process requests from consumers asking to be added to the Seller's Entity Specific Do Not Call List.

## VI. Prohibition Against Abusive Telemarketing Practices

IT IS FURTHER ORDERED that, in connection with Telemarketing, Individual Defendant Julio E. Salvat, is permanently restrained and enjoined from engaging in,

causing others to engage in, or assisting others engaging in, any of the following practices:

A. Initiating any Outbound Telephone Call to a person on behalf of a Lead Generator, Seller, Telemarketer, or any other third-party when that person has previously stated that he or she does not wish to receive an Outbound Telephone Call made by or on behalf of that Lead Generator, Seller, Telemarketer, or third-party.

B. Failing to disclose truthfully, promptly, and in a clear and conspicuous manner: (i) the identity of the Seller, (ii) that the purpose of the call is to sell goods or services, and (iii) the nature of the goods or services.

C. Violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, attached as Appendix A.

### VII. Monetary Judgment for Civil Penalty and Partial Suspension

IT IS FURTHER ORDERED that:

A. Judgment in the amount of 1.4 million dollars ($1,400,000) is entered in favor of Plaintiff against Defendants, jointly and severally, as a civil penalty.

B. Defendants are ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, one hundred fifty-five thousand Dollars ($155,000), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to Plaintiff. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C. The Commission's and Plaintiff's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents submitted to the Commission and Defendants' deposition testimony (collectively, "financial representations"), namely:

1. The Financial Statement of Individual Defendant Francisco J. Salvat signed on July 6, 2017, including the attachments and documents submitted with the Financial Statement;

2. The Deposition testimony of Individual Defendant Francisco J. Salvat, taken on May 31, 2017 and August 22, 2017;

3. The Financial Statement of Individual Defendant Julio E. Salvat signed on July 6, 2017, including the attachments and documents submitted with the Financial Statement;

4. The Deposition testimony of Individual Defendant Julio E. Salvat, taken on June 1, 2017 and August 22, 2017;

5. The Financial Statement of Corporate Defendant Sunlight Solar Leads, LLC signed on July 6, 2017, including the attachments and documents submitted with the Financial Statement; and

6. The Deposition testimony of Individual Defendant Francisco J. Salvat as a representative of the Corporate Defendants, taken on May 31, 2017 and August 22, 2017.

D. The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission or Plaintiff, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the amount of the civil penalty for the violations alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

F. Defendants relinquish dominion and all legal and equitable right, title,

and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

    G.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

    H.    Defendants agree that the judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendants, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C.§ 523(a)(7).

    I.    Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## VIII. Customer Information

IT IS FURTHER ORDERED that Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of this Permanent Injunction, are permanently restrained and enjoined from directly or indirectly:

    A.    Disclosing, using, or benefitting from personal information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a person's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of solar panels and installation services; and

    B.    Failing to destroy such personal information in all forms in their possession, custody, or control within 30 days after entry of this Order.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IX. Order Acknowledgements

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.  Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 10 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X. Compliance Reporting

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.  One year after entry of this Order, each Defendant must submit a

compliance report, sworn under penalty of perjury:

  1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

  2. Additionally, each Individual must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

 B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

  1. Each Defendant must report any change in: (a) any designated point

of contact; or (b) the structure of Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: United States v. KFJ Marketing, et al., Matter Number X160031.

## XI. Recordkeeping

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 10 years. Specifically, Corporate Defendants and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; and

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## XII. Compliance Monitoring

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended:

A. Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with each Defendant. Defendant must permit

representatives of the Commission and Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission or Plaintiff, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIII.  Retention of Jurisdiction

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED**, this 7th day of November, 2017.

_____
United States District Judge
Michael W. Fitzgerald